No. 643          September 5, 2024          807

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Stanley ROBERTS
and Rebecca Roberts,
*Petitioners,*

*v.*

CITY OF CANNON BEACH
and Haystack Rock, LLC,
*Respondents.*

Land Use Board of Appeals
2023066; A184309

Argued and submitted July 3, 2024.

Wendie Kellington argued the cause for petitioners. Also on the brief were Kelly Huedepohl and Kellington Law Group, P.C.; and Sara Kobak and Schwabe, Williamson & Wyatt, P.C.

William Kabeiseman argued the cause for respondents. Also on the brief were Steven G. Liday, Iván Resendiz Gutierrez, and Miller Nash, LLP.

Before Egan, Presiding Judge, Kamins, Judge, and Walters, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioners Stanley Roberts and Rebecca Roberts (applicants) petition for judicial review of a final order of the Land Use Board of Appeals (LUBA). In that order, LUBA remanded the City of Cannon Beach's decision denying applicants' application for a development permit to construct a residence on their inaccessible oceanfront lot.[1] On judicial review, applicants challenge LUBA's remand on the ground that it is unlawful in substance. We affirm.

In their first assignment of error, applicants contend that LUBA erred in granting a limited remand for findings relating to Cannon Beach Municipal Code (CBMC) 17.42.040(C).[2] LUBA observed that the city failed to address that provision and remanded so that the city may determine whether the provision applies at all and, if so, whether the application complies with it. On judicial review, applicants contend that, once LUBA determined that CBMC 17.42.040(C) might not apply at all, it was required to conclude that it did not apply. That is so, according to applicants, because if the code provision is subject to several interpretations, it violates *former* ORS 197.307(4)'s (2017),[3] *renumbered as* ORS 197A.400(1) (2023), "clear and objective" requirement. Respondent Haystack Rock, LLC (Haystack) responds that that argument is not preserved and that, in any event, it fails on the merits.

Assuming without deciding that that argument is preserved, we agree with Haystack that LUBA did not err

---

[1] For a comprehensive overview of the facts and procedural posture of this case, see our decision in a related petition in *Roberts v. City of Cannon Beach (A184314)*, 334 Or App 762, ___ P3d ___ (2024).

[2] CBMC 17.42.040(C) provides:

"Uses and activities prohibited. *** Removal of stabilizing vegetation, except as part of a foredune grading plan provided for by Section 17.42.060 (A)(3), or a nonstructural shoreline stabilization program provided for by Section 17.42.060(A)(5), or as provided for by Section 17.52.030."

(Boldface omitted.)

[3] *Former* ORS 197.307(4) (2017) was amended and renumbered as ORS 197A.400(1) in 2023. Or Laws 2023, ch 533, §§ 1, 2. We refer to the version enacted in 2017:

"[A] local government may adopt and apply only clear and objective standards, conditions and procedures regulating the development of housing, including needed housing, on land within an urban growth boundary ***."

in remanding the city's decision based on its assessment of CBMC 17.42.040(C). LUBA remanded the city's decision for the city to decide, in the first instance, whether and how a provision of its code applied. That the code provision must be interpreted to determine its applicability does not mean that it violates the state statute's "clear and objective" requirement, *former* ORS 197.307(4) (2017). Applicants have not established that LUBA's decision is substantively or procedurally unlawful. *See* ORS 197.850(9) (this court "shall reverse or remand" a final order of LUBA if the order is "unlawful in substance or procedure").

We also do not address applicants' second assignment of error, because it anticipates and responds to an argument Haystack may present in a separate petition for judicial review, not one at issue in this case, *see Roberts (A184314)*, 334 Or App 762.

Affirmed.